IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| FREDERICK H. MITCHELL, | § | |
| | § | No. 195, 2016 |
| Defendant Below- | § | |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID 1408007610 |
| Plaintiff Below- | § | |
| Appellee. | § | |

Submitted: June 1, 2016
Decided: August 4, 2016

Before **STRINE**, Chief Justice; **HOLLAND** and **SEITZ**, Justices.

## O R D E R

This 4th day of August 2016, upon consideration of the appellant's opening brief, the State's motion to affirm, and the record on appeal, it appears to the Court that:

(1) The appellant, Frederick Mitchell, filed this appeal from the Superior Court's denial of his first motion for postconviction relief. The State has filed a motion to affirm the Superior Court's judgment on the ground that it is manifest on the face of Mitchell's opening brief that his appeal is without merit. We agree and affirm.

(2) Mitchell pled guilty to Aggravated Possession of Heroin and Conspiracy in the Second Degree on January 21, 2015. On March 27, 2015, the

Superior Court sentenced him to a total period of seventeen years at Level V incarceration, to be suspended after serving eight years in prison for a period of probation. We affirmed Mitchell's convictions and sentence on direct appeal.[1] Mitchell filed his first motion for postconviction relief in January 2016, which the Superior Court denied.[2] This appeal followed.

(3) Mitchell enumerates two arguments in his opening brief on appeal. Although it is not entirely clear, he appears to argue that his guilty plea was not knowingly and intelligently made because his trial counsel was ineffective for failing to obtain forensic test results on the seized drugs before recommending that Mitchell plead guilty. Mitchell also seems to argue that the Superior Court sentenced him with a closed mind because it did not have any forensic test results before imposing sentence.

(4) With respect to Mitchell's claim that the Superior Court sentenced him with a closed mind, we note that such sentencing claims cannot be properly raised in a postconviction motion filed under Superior Court Criminal Rule 61.[3] Moreover, even if this claim could have been properly raised in a Rule 61 motion,

---

[1] *Mitchell v. State*, 2015 WL 7575022 (Del. Nov. 24, 2015).

[2] *State v. Mitchell*, 2016 WL 1621580 (Del. Super. Mar. 22, 2016).

[3] *Jones v. State*, 2016 WL 2929109, *2 (Del. May 16, 2016) (holding that Rule 61 establishes the procedure for setting aside a conviction or sentence of death *only* and that any other sentencing issues must be raised in a Rule 35 motion).

it would be procedurally barred as previously adjudicated[4] because this Court, on direct appeal, previously rejected Mitchell's claim that the Superior Court judge sentenced him with a closed mind.[5]

(5)     Mitchell's other argument is that his trial counsel was ineffective for failing to obtain a forensic analysis of the seized drugs and that this failure led to Mitchell's "coerced" plea.  To prevail on an ineffective assistance of counsel claim, a defendant must satisfy the familiar *Strickland* test.  That is, a defendant must first show that "his counsel's representation fell below an objective standard of reasonableness.  Second, the defendant must show that the deficient performance prejudiced the defense."[6]  In the context of a guilty plea, to establish prejudice the defendant must demonstrate a reasonable probability that, but for his counsel's unprofessional errors, the defendant would not have pled guilty but would have insisted on going to trial.[7]  A defendant must make concrete allegations of cause and actual prejudice to substantiate a claim of ineffective assistance of counsel or else risk summary dismissal.[8]

(6)     In this case, Mitchell fails to demonstrate how forensic testing of the drugs would have led to a different result in his case.  He does not allege, let alone

---

[4] Super. Ct. Crim. R. 61(i)(4) (2016).

[5] *See Mitchell v. State*, 2015 WL 7575022, *2 (Del. Nov. 24, 2015).

[6] *Neal v. State*, 80 A.3d 935, 941-42 (Del. 2013) (internal quotations omitted).

[7] *Somerville v. State*, 703 A.2d 629, 631 (Del. 1997).

[8] *Younger v. State*, 580 A.2d 552, 556 (Del. 1990).

establish, that forensic testing would have revealed the drugs to be anything but heroin, which he admitted possessing.[9] Mitchell stated under oath at his plea colloquy that he was satisfied with his counsel's representation. He indicated that he fully understood the charges against him and that he understood the consequences of pleading guilty. He stated that he was pleading guilty because he was, in fact, guilty of the charged offenses. He also stated, among other things, that no one had threatened him or coerced him into pleading guilty. In the absence of clear and convincing evidence to the contrary, Mitchell is bound by these statements.[10] We thus reject his claim that his guilty plea was involuntary due to his counsel's ineffectiveness.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice

---

[9] *Brown v. State*, 108 A.3d 1201, 1202 (Del. 2015).

[10] *Somerville v. State*, 703 A.2d at 632.

4